IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01647-WJM-MEH

HOLLY MACINTYRE,

      Plaintiff,

v.

JP MORGAN CHASE, NATIONAL ASSOCIATION,
ARONOWITZ & MECKELBERG, LLP, and
MARGARET T. CHAPMAN, Public Trustee of Jefferson County in her official capacity,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Defendant Margaret T. Chapman's Motion to Dismiss for Insufficiency of Service of Process [filed October 1, 2013; docket #30]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. The motion is fully briefed, and the Court concludes oral argument would not materially assist the Court in its adjudication of the motion. For the reasons that follow, the Court respectfully RECOMMENDS that the motion to dismiss be **granted in part and denied in part**.[1]

_____

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the

## BACKGROUND

Plaintiff, Holly MacIntyre, proceeding *pro se*, initiated this action on June 24, 2013 by filing a Complaint for Restraining Order and Injunctive Relief.  (Docket #1.)  Plaintiff subsequently filed the operative Amended Complaint as a matter of course on September 3, 2013.  (Docket #20.)

Plaintiff alleges that on or about January 10, 2003, she executed a Deed of Trust against the property located at 13025 W. 63rd Place, #E, Arvada, Colorado 80004 for the benefit of Broker One Lending, LLC in the amount of $100,000.00.  (*Id.*, ¶ 1.)  Plaintiff states that Defendant JP Morgan Chase ("Chase") claims to have received an Assignment of the Deed of Trust in January 2012, determined the Plaintiff was in default of the loan, and commenced non-judicial (Rule 120) foreclosure proceedings in Jefferson County District Court.  (*Id.*, ¶¶ 2, 3.)  Plaintiff alleges that during the Rule 120 proceeding in May 2013, her expert testified that the signature purported to be the Plaintiff's on the promissory note was  a forgery and that the indorsement on the note was falsified.  (*Id.*, ¶¶ 9, 10.)  Plaintiff asserts that, despite this testimony and Chase's lack of a meaningful response to it and lack of its own expert testimony, the state court found the promissory note to be a valid original and ordered a Public Trustee sale to occur on June 26, 2013.  (*Id.*, ¶ 16.)

Based upon these allegations, Plaintiff challenges the constitutionality of the Rule 120 proceeding in Colorado stating, "[a] Rule 120 hearing results in permanent deprivation of real property with only rudimentary due process protection - if any at all."  (*Id.*, ¶ 18.)  Plaintiff seeks declarations that (1) the Promissory Note is counterfeit and its indorsements are forged; (2) Chase is not the legal holder of the counterfeit note; and (3) Colorado's non-judicial foreclosure process

---

Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

is unconstitutional.  (*Id.* at 12.)  Plaintiff also seeks permanent injunctions to enjoin Chase from initiating any further foreclosures on the property and to enjoin Defendant Public Trustee of Jefferson County ("Trustee") to accept for filing another Notice of Election and Demand for Sale from Chase that would impinge upon the property.  (*Id.* at 12-13.)

In response to the Amended Complaint, the Trustee filed the present motion to dismiss arguing that Plaintiff failed to serve the pleading properly in accordance with Fed. R. Civ. P. 4. Specifically, the Trustee contends that she did not respond to the original Complaint, for which she believes the Plaintiff herself improperly attempted service upon the Trustee on June 25, 2013.  The Trustee claims she only later learned of a return attesting to service of the original Complaint on July 1, 2013 from court records.  She argues that, even if the Court were to accept such return as proper, the Plaintiff failed to personally serve the Amended Complaint, which contains a new claim against the Trustee, in accordance with Fed. R. Civ. P. 5(a)(2).

Plaintiff counters that the Trustee was served properly on July 1, 2013 and, because she failed to respond, was a party in default within the meaning of Rule 5(a)(2).  However, Plaintiff argues that the Amended Complaint does not contain any new factual predicate nor substantive claim against the Trustee and, thus, the Plaintiff was not required to personally serve the Trustee with the Amended Complaint.  The Plaintiff concludes that service by email, as she claims occurred upon the Trustee, was sufficient

The Trustee replies that a simple comparison of the original Complaint and Amended Complaint reveals that new facts and claims were added.  First, the Trustee argues that the factual landscape changed dramatically when the June 26, 2013 foreclosure sale was canceled.  Plaintiff no longer had the need to seek a preliminary injunction against the sale of her property.  Accordingly,

3

Plaintiff dropped the claim for a preliminary injunction against the sale and added claims for a declaratory judgment and a permanent injunction. The Trustee asserts, "Plaintiff's original claim to enjoin the Public Trustee from holding a foreclosure sale on June 26, 2013 is significantly different from her amended claims for a judicial declaration that the state non-judicial foreclosure statute is unconstitutional and to permanently enjoin the Public Trustee from exercising her statutory authority." Reply, docket #40 at 3. The Trustee concludes that she is entitled to dismissal based upon insufficiency of service of process.

The Court is now fully advised and recommends as follows.

## LEGAL STANDARDS

### I.     Dismissal under Fed. R. Civ. P. 12(b)(5)

Rule 12(b)(5) allows a defendant to defend against a claim based upon insufficiency of service of process. *Whitsell v. United States*, 198 F.3d 260, 1999 WL 987355, at *1 (10th Cir. Nov. 1, 1999) (unpublished) (citing Fed. R. Civ. P. 12(b)(5)). "A Rule 12(b)(5) motion is the proper vehicle for challenging" the sufficiency of the service of the process, *i.e.*, "the mode of delivery or lack of delivery of the summons and complaint." *See* 5B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ. 3d* § 1353 (2008 Supp.). "In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a *prima facie* case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008).

That is, a plaintiff must demonstrate that the procedure employed by him has satisfied the requirements of the relevant portions of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). Where a plaintiff does not meet this burden, a court may

dismiss for failure to properly serve or it may quash the process without dismissing the action and give the plaintiff an opportunity to re-serve the defendant. *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant").

## II.     Treatment of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

## ANALYSIS

The Trustee first seems to argue, though weakly, that Plaintiff failed to serve the Trustee personally with the original Complaint as required by Fed. R. Civ. P. 4.  Motion, ¶ 4.  However, the record indicates that the Plaintiff filed a sworn affidavit by a process server reflecting personal service upon a representative of the Trustee on July 1, 2013.  Docket #15.  A process server's sworn statement of service creates a presumption that service has been effectuated. *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002); *see also Blair v. City of Worcester*,

522 F.3d 105, 111 (1st Cir. 2008); *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (citing *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955)).  The Trustee makes no persuasive argument in rebuttal to the presumption of effective service; thus, the Court recommends finding that service of the original Complaint upon the Trustee was effective.

Here, the parties agree that, if the Court finds service of the original Complaint proper, the Trustee would have been in default at the time the Amended Complaint was filed on September 3, 2013.  Therefore, the Court applies Federal Rule of Civil Procedure 5(a)(2) to determine whether service of the Amended Complaint was proper.  Rule 5(a)(2) provides:

> (2) If a Party Fails to Appear. No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

The purpose of Rule 5(a)(2) is to "ensure[ ] that a party, having been served, is able to make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that are never served."  *Blair*, 522 F.3d at 109.

A court need not have adjudicated a party as being "in default" in order to trigger the applicability of Rule 5(a)(2).  Rather, for purposes of Rule 5(a)(2), a party who has failed to appear in the action is a party in "default for fail[ing] to appear."  *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1368 n.3 (11th Cir. 1982) (quoting Fed. R. Civ. P. 5(a)(2)) (holding default judgment void because amended complaint, although served by mail before the clerk had entered default, was required by Rule 5(a)(2) to be served personally pursuant to Rule 4 on a party that had not made an appearance); *see also Cutting v. Allenstown*, 936 F.2d 18, 21 n. 1 (1st Cir. 1991) (noting that for purposes of Rule 5(a)(2), defendants are "parties in default" when defendants have been served with summons and do not appear and answer within the required

6

period, even when clerk has yet to enter default) (citing *Varnes*, 674 F.2d at 1368 n. 3).

Accordingly, because the Trustee was in default at the time Plaintiff filed the Amended Complaint, service of the pleading was not required *unless* the pleading asserts a new claim for relief against the Trustee; in such case, the Amended Complaint must be served upon the Trustee pursuant to Rule 4.  Fed. R. Civ. P. 5(a)(2).  But "[w]here changes made in an amended complaint are not substantial, the requirement of [Rule 5(a)(2)] that a pleading that states a new claim for relief against a party in default must be served on that party is not applicable." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2008) (internal quotations omitted); *see also Blair*, 522 F.3d at 109-10 (rejecting dismissal of an unserved amended complaint where the amended complaint was substantively identical to the original); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir.1990) (explaining that dismissal based upon improper service of an amended complaint is inappropriate so long as the amended complaint "relates back" to a prior, properly served complaint); *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir.), *cert. denied*, 91 S .Ct. 2205, 403 U.S. 904 (1971) ("when an amended complaint, normally served in conformity with Rule 5, asserts an additional claim against a party who has not appeared in the original suit, the pleading must be served in accordance with Rule 4 in order that the court obtain personal jurisdiction over the new party").

Here, the parties dispute whether the Amended Complaint contains new or substantively different facts and/or claims to render personal service necessary under Rule 5(a)(2).  Although the Tenth Circuit has not ruled specifically on this issue, this Court takes guidance from *Gilles*, in which the Tenth Circuit denied dismissal of an action for improper service where the amended pleading

"related back" to a prior, properly served complaint. *Gilles*, 906 F.2d at 1389.[2]  In *Gilles*, the court relied on the language of Fed. R. Civ. P. 15(c), which (at that time) stated,  "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."[3]  *Id.*  The court concluded that the original and amended pleadings were substantially similar in that they contained nearly identical averments concerning the negligence claim and were "grounded on the same nucleus of operative facts."  *Id.* at 1390.

In this case, Plaintiff argues that her request for declaratory relief in the Amended Complaint concerning the constitutionality of the Rule 120 proceeding was only "new" in the sense that the request for relief itself was articulated; Plaintiff asserts that the bases for the claim were set forth in detail, including a "notice" of her unconstitutionality claim, in the original Complaint.  Further, Plaintiff contends that her original request for a preliminary injunction to enjoin the Trustee from proceeding with a sale of the property on June 26, 2013 "pending a full hearing on the matter" is only minutely different from the amended request (after the sale was canceled) for a permanent injunction to enjoin the Trustee from "exercising her authority, under Colorado's non-judicial foreclosure statute, to accept for filing another Notice of Election and Demand for Sale from Chase that would impinge upon Plaintiff's property."

The Court concludes that, although much of the background information concerning Plaintiff's Rule 120 proceeding, including the expert testimony and the state court's findings, appear

---

[2]The Court notes that the opinion in *Gilles* is no way inconsistent with those opinions specifically analyzing service of an amended pleading pursuant to Rule 5(a)(2).

[3]Today, substantially similar language is provided in Fed. R. Civ. P. 15(c)(1)(B).

to be identical in both pleadings, the factual landscape of this action changed significantly when the Defendants canceled the June 26, 2013 foreclosure sale.[4]  Plaintiff's sole request for relief in the original Complaint was based upon such foreclosure sale in seeking a preliminary injunction "enjoining and restraining the Public Trustee of Jefferson County from undertaking any steps that would lead to a foreclosure sale of Plaintiff's property currently scheduled for June 26, 2013, pending a full hearing of this matter."  Complaint, docket #1 at 15.  The Court concludes that, particularly since no other foreclosure sale on the property was or has been granted, the original Complaint put the Trustee on notice only that the Plaintiff sought to enjoin the Rule 120 foreclosure sale and that the pleading contains no other requests for relief against the Trustee for which the Court might grant relief.

Apparently, having been convinced of such by Defendant Chase's subsequent motion to dismiss (docket #18), the Plaintiff then filed an Amended Complaint alleging most, if not all, of the same facts concerning the Rule 120 proceeding itself and making essentially the same "arguments" concerning the Fourteenth Amendment and Fraud.  However, the Plaintiff now seeks declarations that (1) the Promissory Note is counterfeit and its indorsements are forged; (2) Chase is not the legal holder of the note; and (3) Colorado's non-judicial foreclosure process is unconstitutional. (Amended Complaint, docket #20 at 12.)  Based upon declarations (1) and (2), Plaintiff also seeks a permanent injunction to enjoin Chase from initiating any further foreclosures on the property and, based upon declaration (3), a permanent injunction to enjoin the Trustee from "exercising her

---

[4]In fact, Judge Martinez found in the related case, 12-cv-02586-WJM, that the withdrawal of the foreclosure sale "altered the landscape upon which the original Recommendation (to dismiss) was based" and "the factual and legal landscape upon which Judge Hegarty's recommendation was based has shifted. It has done so significantly."  September 11, 2013 Order, docket #92 at 8, 10.

authority, under Colorado's non-judicial foreclosure statute, to accept for filing another Notice of Election and Demand for Sale from Chase that would impinge upon the property." (*Id.* at 12-13.) These are clearly new and different claims for relief based upon a new and different factual landscape.  It is reasonable to expect that the Trustee would have presumed Plaintiff's claim for injunctive relief in the original Complaint to be resolved upon the withdrawal of the foreclosure sale; thus, with service of the original Complaint, the Trustee was not put on notice of the amended claims for declaratory and permanent injunctive relief sufficient to invoke the first sentence of Rule 5(a)(2) ("No service is required on a party who is in default for failing to appear.").  Because the Amended Complaint contains new claims against the Trustee, this Court recommends that the District Court find Plaintiff was required to serve the Trustee personally with the Amended Complaint pursuant to Rule 5(a)(2).

This does not end the inquiry.  The Trustee seeks dismissal for Plaintiff's failure to serve the Amended Complaint pursuant to Rule 4.  However, Tenth Circuit precedent suggests that, if appropriate, the Court should quash Plaintiff's service and allow her to serve the pleading properly. *See Pell*, 711 F.3d at 950 n.2 ("when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant. The court nevertheless retains broad discretion to dismiss the action if it appears unlikely that proper service can or will be instituted.").  In this case, the Amended Complaint was filed on September 3, 2013. The Court has yet to schedule discovery due to issues that have arisen in this case, the related case and the state court action.  Thus, there will be no prejudice to the Trustee in permitting the Plaintiff to serve the Amended Complaint upon her properly pursuant to Rule 4.  Further, there is no indication in this matter that personal service upon the Trustee is or would be unlikely.

Consequently, the Court recommends that the District Court quash Plaintiff's email service of the Amended Complaint upon the Trustee and permit the Plaintiff to re-serve the Trustee pursuant to Rule 4.

## **CONCLUSION**

Plaintiff has failed to demonstrate that her email service of the Amended Complaint upon the Trustee was proper. However, the Court finds such failure curable and recommends that the Court permit the Plaintiff to re-serve the Trustee pursuant to Rule 4. Accordingly, the Court respectfully RECOMMENDS that Defendant Margaret T. Chapman's Motion to Dismiss for Insufficiency of Service of Process [filed October 1, 2013; docket #30] be **GRANTED IN PART AND DENIED IN PART** as set forth herein.

Respectfully submitted this 11th day of December, 2013, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

11