IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01647-WJM-MEH

HOLLY MACINTYRE,

     Plaintiff,

v.

JP MORGAN CHASE, NATIONAL ASSOCIATION, and
MARGARET T. CHAPMAN, Public Trustee of Jefferson County in her official capacity,

     Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Michael E. Hegarty, United States Magistrate Judge**.

     Before the Court is Plaintiff Holly MacIntyre's Motion to Amend the First Amended Complaint [filed January 2, 2014; docket # 52]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1(c), the matter is referred to this Court for recommendation. The motion is fully briefed, and the Court concludes oral argument would not materially assist the Court in its adjudication of the motion. For the reasons that follow, the Court respectfully RECOMMENDS that the motion to amend be **granted in part and denied in part**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140,

## I. BACKGROUND

Plaintiff, Holly MacIntyre, proceeding *pro se*, initiated this action on June 24, 2013, by filing a Complaint for Restraining Order and Injunctive Relief. (Doc. # 1.) Plaintiff subsequently filed the operative Amended Complaint as a matter of course on September 3, 2013. (Doc. # 20.)[2]

Plaintiff alleges that on or about January 10, 2003, she executed a Deed of Trust against the property located at 13025 W. 63rd Place, #E, Arvada, Colorado 80004 ("Property") for the benefit of Broker One Lending, LLC in the amount of $100,000.00. (*Id.*, ¶ 1.) According to Plaintiff, Defendant JP Morgan Chase ("Chase") claims to have received an Assignment of the Deed of Trust in January 2012, determined that Plaintiff was in default on the loan, and commenced non-judicial ("Rule 120") foreclosure proceedings in Jefferson County District Court. (*Id.*, ¶¶ 2, 3.) Plaintiff alleges that during the May 2013 Rule 120 proceeding, her expert testified that Plaintiff's purported signature on the promissory note was forged and that the indorsement on the note was falsified. (*Id.*, ¶¶ 9, 10.) Plaintiff asserts that, despite this testimony and Chase's failure to respond with its own expert testimony or in any other meaningful way, the state court found the promissory note to be a valid original and ordered a Public Trustee sale to occur on June 26, 2013. (*Id.*, ¶ 16.)

Based on these allegations, Plaintiff challenges the constitutionality of the Rule 120 proceeding in Colorado, stating that "[a] Rule 120 hearing results in permanent deprivation of real property with only rudimentary due process protection - if any at all." (*Id.*, ¶ 18.) Plaintiff seeks

---

155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kan. Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2] The Court has granted Chase an extension to file an answer or otherwise reply to whichever complaint the Court deems operative no later than ten days after the Court's ruling on this motion. (*See* Doc. # 48.)

declarations that (1) the Promissory Note is counterfeit and its indorsements are forged; (2) Chase is not the legal holder of the counterfeit note; and (3) Colorado's non-judicial foreclosure process is unconstitutional. (*Id.* at 12.) Plaintiff also seeks permanent injunctions to enjoin Chase from initiating any further foreclosures on the property and to enjoin Defendant Margaret T. Chapman, Public Trustee of Jefferson County ("Public Trustee"), from accepting for filing another Notice of Election and Demand for Sale from Chase that would impinge upon the Property. (*Id.* at 12-13.)

On October 18, 2013, the Court held a status conference in this case, during which Chase informed Plaintiff that it planned to seek *judicial* foreclosure of the Property, raising the possibility that Plaintiff would voluntarily dismiss this action. During the next status conference, on November 22, 2013, Chase advised the Court that it would withdraw the Rule 120 non-judicial foreclosure action. In light of Chase's advisement, the Court directed the parties to confer regarding possible dismissal of the case on mootness grounds. (Doc. # 41.) Chase followed through on November 25, 2013, by filing a motion to dismiss without prejudice the Order Authorizing Sale issued by the Jefferson County District Court in the Rule 120 hearing. This Court directed the parties to file a status report on or before December 4, 2013, describing their conferral on the issue of dismissal. (Doc. # 42.) The state court granted the motion to dismiss the Rule 120 proceeding without prejudice on December 4, 2013. The same day, Plaintiff timely filed a status report informing the Court that she would not voluntarily dismiss the case. According to Plaintiff, the case did not become moot when Chase dismissed the Rule 120 Order and sought judicial foreclosure, because Chase did not agree to be permanently enjoined from reinitiating a Rule 120 foreclosure. (Doc. # 43.)

Plaintiff filed the present motion for leave to amend on January 2, 2014. (Doc. # 52.) Chase

filed its response on January 27, 2014 (Doc. # 57), and, after an extension, the Public Trustee filed her response on February 21, 2014 (Doc. # 64). Plaintiff also received an extension and then filed a reply to Defendant Chase on February 28, 2014 (Doc. # 68), but she failed to reply to the Public Trustee's response by March 10, 2014, as required. *See* D.C. Colo. LCivR 7.1(d).

The Court is now fully advised and recommends as follows.

## II. DISCUSSION

Plaintiff asserts that the primary reason for the current amendment is to "raise a new claim against Defendant Margaret T. Chapman for nominal damages." (Doc. # 68 at 5.) In the operative Amended Complaint, Plaintiff seeks a declaratory judgment that Rule 120 foreclosures are unconstitutional and an order enjoining the Public Trustee from participating in a Rule 120 foreclosure of the property. (Doc. # 20 at 12-13.) In the present motion, she does not propose any new legal *claim* against the Public Trustee. Instead, she asks to add nominal damages as a new *form of relief* against the Public Trustee. (Doc. # 52-1 at 14.) She also requests permission to add two paragraphs containing allegations that the Public Trustee violated Plaintiff's Fourteenth Amendment rights by facilitating the public trustee sale following the Rule 120 hearing. (Doc. # 52-1 at 3, 7.) With respect to Chase, Plaintiff does not seek to add new claims or new forms of relief. Instead, she proposes adding allegations that Defendant Chase retains the ability to resurrect the Rule 120 proceeding, based on the allegedly "counterfeit Promissory Note," because it did not dismiss the Rule 120 foreclosure with prejudice. (*Id.* at 11-12.) These amendments are apparently intended to rebut observations voiced by this Court and argued by both Defendants that Plaintiff's claims may have become moot. Finally, Plaintiff seeks to amend the forms of relief sought by listing each form of relief separately and by adding to that list a declaratory judgment and the nominal damages claim

against the Public Trustee. (*Id.* at 13-14.)

In her response, the Public Trustee argues that this Court lacks subject matter jurisdiction over this case under the doctrines of mootness and *Younger* abstention. She therefore requests that the Court deny Plaintiff's motion to amend and dismiss the case. (Doc. # 64 at 3.) Chase likewise argues that the case is moot but only requests that Plaintiff's motion to amend be denied. (Doc. # 57 at 2.) "'Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.'" *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005) (quoting *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)). In fact, the Court may dismiss moot claims *sua sponte*. *See McClendon*, 100 F.3d at 867. Consequently, the Court will begin by determining whether Plaintiff's claims against Chase and the Public Trustee should be dismissed because they are moot and, thus, the Court lacks subject matter jurisdiction. Then, the Court will consider whether to allow Plaintiff's proposed amendment concerning any claims that are not moot, pursuant to Fed. R. Civ. P. 15(a)(2).[3]

### A. LIBERAL CONSTRUCTION AFFORDED *PRO SE* LITIGANT

Before turning to the merits, the Court notes its obligation to construe Plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations

---

[3] Chase also argues that granting Plaintiff's motion would be futile because the proposed second amended complaint fails to set forth any claim against Chase for which relief could be granted. (Doc. # 57 at 7-10.) However, Plaintiff does not seek to add any claims or forms of relief against Chase. The only proposed amendments relating to Chase are facts that bear upon whether Plaintiff's existing claims have become moot. Chase's argument is more appropriate in a separate motion to dismiss under Fed. R. Civ. P. 12 rather than a response. Therefore, the Court will not address these arguments here. *See* D.C. Colo. LCivR 7.1(d).

5

omitted).[4] According to the Tenth Circuit, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

### B. MOOTNESS AND SUBJECT MATTER JURISDICTION

1. Legal Standards

Federal courts may exercise jurisdiction only over "cases" and "controversies." U.S. Const. Art. III, § 2, cl. 1. A dispute loses its status as a "case" or "controversy" and becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726-27 (2013) (quotation marks and citation omitted). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id.* (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)). The mootness question is resolved by asking whether it is possible to grant any effectual relief to the prevailing party. *See In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1254 (10th Cir. 2001). The defendant bears the burden of proving mootness. *WildEarth Guardians v. Public Serv.*

---

[4] In a footnote, Chase argues that Plaintiff should not receive this liberal pleading standard because she acknowledged in her initial complaint that an attorney assisted in preparing that document. (Doc. # 57 at 8 n.26; *see also* Doc. # 1 at 14.) The Court will continue affording a liberal construction, as it must, *see Whitney*, 113 F.3d at 1173-74, until presented with clear evidence that doing so would be inappropriate. *Cf. Barnett v. LeMaster*, 12 Fed. App'x 774, 779 (10th Cir. 2001) (recognizing that "liberal construction usually afforded *pro se* litigants" not warranted for brief "ghost written" by attorney).

*Co. of Colo.*, 690 F.3d 1174, 1183 (10th Cir. 2012) (citing *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 221 (2000)).

A narrow exception to mootness exists for cases that are "capable of repetition, yet evading review." *Jordan v. Sosa*, 654 F.3d 1012, 1034-35 (10th Cir. 2011) (citations omitted). To fall within this exception, a case must satisfy two requirements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* at 1035 (quotation marks and citation omitted). In *Brumfiel v. U.S. Bank*, No. 12-cv-02716-WJM, 2013 WL 5495543 (D. Colo. Oct. 2, 2013) (unpublished), the court considered whether a due process challenge to a withdrawn Rule 120 proceeding was "capable of repetition, yet evading review." *Id.* at \*6 (citation omitted). According to the court, although the exception's short duration requirement was satisfied because the Rule 120 proceeding ended before completion of the due process challenge, there was no reasonable expectation that the plaintiff would be subjected to another Rule 120 proceeding. *Id.* The court's conclusion was specifically based on the fact that the defendant bank had begun judicial foreclosure proceedings, obviating the need to pursue any other method of foreclosure. *Id.*

Another "exception to a claim of mootness is a defendant's voluntary cessation of an alleged illegal practice which the defendant is free to resume at any time." *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 892 (10th Cir. 2008) (citation omitted). "'[T]his exception exists to counteract the possibility of a defendant ceasing illegal action long enough to render a lawsuit moot and then resuming the illegal conduct.'" *Jordan*, 654 F.3d at 1037 (quoting *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1115 (10th Cir. 2010)). "Given this concern, .

. . 'a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Already, LLC*, 133 S. Ct. at 727 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)). Typically, a defendant meets this burden only by showing "changes that are permanent in nature and that foreclose a reasonable chance" that the challenged conduct will recur. *Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004) (citing *Laidlaw*, 528 U.S. at 190).

### 2. Application to Claims Against Chase

In this case, Plaintiff does not dispute that Chase withdrew the Rule 120 proceeding, leaving this Court without any pending proceeding to enjoin or declare unconstitutional. Instead, she has argued that her claims fall within the two exceptions to mootness described above. (*See* Doc. # 52 at 4-5, 8-9.)[5] The Court considers them in turn.

First, the Court is not persuaded that Plaintiff's claims are "capable of repetition, yet evading review." In her motion for leave to amend, Plaintiff argues that her claims are not moot based on the court's analysis in *Brumfiel*. However, like the bank in *Brumfiel*, Chase has withdrawn its Rule 120 proceeding and initiated a separate judicial foreclosure proceeding. This adequately demonstrated for the court in *Brumfiel* that it was unreasonable to expect another Rule 120 proceeding against the plaintiff's property, and so it does here. As a result, Plaintiff's claims for injunctive and declaratory relief against Chase do not fit the narrow exception to mootness for

---

[5] Plaintiff also argues that this case is not moot because Chase's judicial foreclosure action will be dismissed by the state court. (Doc. # 52 at 5-8.) She argues that, in light of Plaintiff's quiet title and slander of title action pending in a separate case in this Court, the doctrine of prior exclusive jurisdiction precludes the state court from exercising jurisdiction over Chase's judicial foreclosure proceeding. This Court expresses no opinion on this issue, which is not before it.

8

disputes "capable of repetition, yet evading review."

Plaintiff's attempts in her reply brief to distinguish this case from *Brumfiel* fail. After relying on *Brumfiel* in her motion to amend, Plaintiff argues in her reply that the claim for injunctive relief in that case was "neither moot nor not moot" but rather "simply concluded." That is true, according to Plaintiff, because the *Brumfiel* plaintiff had obtained the relief she sought: assurance that her property would not be foreclosed through a Rule 120 proceeding. (Doc. # 68 at 10 (emphasis deleted).) But that is precisely why the *Brumfiel* plaintiff's claim was moot. Although the *Brumfiel* plaintiff and defendant may have continued to dispute vehemently the constitutionality of a Rule 120 foreclosure, a court decision on that issue would not have affected the parties' legal rights. *See Already, LLC*, 133 S. Ct. at 727.

In contrast, the second mootness exception for cases involving voluntary cessation does apply in this case. According to Chase, Plaintiff's claims against it are moot because it dismissed the Rule 120 proceeding and initiated a judicial foreclosure proceeding.[6] Thus, Chase does not dispute that its voluntary acts ceased the allegedly offending conduct. However, as Plaintiff emphasizes, the dismissal was *without* prejudice and Chase has not expressly promised to forego filing another Rule 120 action. Therefore, the only assurance that Chase will not renew the Rule 120 action stems from the dismissal without prejudice and Chase's currently pending action for judicial foreclosure of Plaintiff's property. However, these fall short of demonstrating with absolute clarity that Chase is unlikely to file another Rule 120 foreclosure action. *See Already, LLC*, 133 S. Ct. at

---

[6] Plaintiff argues that Chase voluntarily ceased the allegedly wrongful conduct when it failed to submit a timely bid to buy the property out of foreclosure and allowed the order authorizing sale to expire. (Doc. # 68 at 12.) Nonetheless, the Court considers whether Chase's actions to date have rendered moot Plaintiff's claims.

727.

Two decisions by the Tenth Circuit support this conclusion. The first involved a lawsuit filed by a school district against an investigative agency, which had requested information about the district's disabled students. *Unified Sch. Dist. No. 259, Sedgwick Cnty., Kan. v. Disability Rights Ctr. of Kan.*, 491 F.3d 1143, 1150 (10th Cir. 2007). The school district sought a declaratory judgment that it was legally prohibited from providing the requested information. *Id.* at 1146. The agency then withdrew its request but refused to concede that the request had been unlawful. *Id.* To the contrary, the agency continued to assert its ability to make similar requests in the future. *Id.* The Tenth Circuit noted that ordinarily, rescinding the request without disclaiming the ability to file another would not moot the case. *Id.* at 1150 (citing *ARW Exploration Corp. v. Aguirre*, 947 F.2d 450, 453 (10th Cir. 1991)). That rule did not apply, however, primarily because any renewed request for information by the agency likely would have involved a set of facts and context substantially different from the withdrawn request. *Id.* at 1150. Here, in contrast, a renewed Rule 120 proceeding would involve substantially the same facts and context as the Rule 120 proceeding Chase dismissed. As a result, Chase's voluntary dismissal cannot moot the case absent some indication that Chase's change of course is permanent. *See Tandy*, 380 F.3d at 1291 (defendant typically satisfies its voluntary cessation burden "only by changes that are permanent in nature and that foreclose a reasonable chance of recurrence of the challenged conduct." (citing *Laidlaw*, 528 U.S. at 190)).

The second case, *Xing Lin v. Chertoff*, further supports this conclusion. 307 Fed. App'x 175 (10th Cir. 2009) (unpublished). In that case, an immigrant challenged the removal order that served as the legal basis for his detention. *Id.* at 176-77. Subsequently, the government ceased relying

upon that removal order and initiated new removal proceedings. *Id.* at 177. The Tenth Circuit rejected the immigrant's argument that the government could resume its efforts to enforce the challenged removal order for two reasons. First, the government had initiated the new proceedings, and second, the government had "conceded in the plainest terms" that the challenged removal order was "defunct." *Id.* at 179. In contrast here, although Chase has initiated a new foreclosure proceeding on a different legal basis, it has not capitulated on the lawfulness of the Rule 120 proceeding.

In short, Chase's actions to date have not gone far enough to establish, as they must, that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Already, LLC*, 133 S. Ct. 727 (quotation marks and citation omitted). Therefore, unless Chase takes further action satisfying this formidable burden, Plaintiff's claims against it are not moot.

        3.      <u>Application to the Claims Against the Public Trustee</u>

Turning to Plaintiff's claims for declaratory and injunctive relief against the Public Trustee, the Court finds that they are moot. First, the alleged conduct underlying these claims is not "capable of repetition, yet evading review," for the reasons explained above with respect to Chase. Second, the voluntary cessation doctrine does not apply to the Public Trustee because she did not render the case moot by her own voluntary conduct. *See Eagle Air Med Corp. v. Martin*, 377 Fed. App'x 823, 829 (10th Cir. 2010) (holding voluntary cessation exception inapplicable where mootness did not result from defendant's "truly voluntary" actions (citing *Chihuahuan Grasslands Alliance*, 545 F.3d at 893)). Without any pending Rule 120 proceeding to foreclose on Plaintiff's property, an order granting declaratory or injunctive relief against the Public Trustee would not be effectual. *See In re Overland Park Fin. Corp.*, 236 F.3d at 1254. Therefore, Plaintiff's claims for declaratory and

injunctive relief against the Public Trustee are moot and should be dismissed for lack of subject matter jurisdiction. *See McClendon*, 100 F.3d at 867.

In contrast, by seeking nominal damages in her proposed second amended complaint, Plaintiff presents a viable controversy. Precedent binding on this Court has squarely held that a complaint for nominal damages is not moot even though a "functionally equivalent claim for declaratory relief" would be. *R.M. Inv. Co. v. U.S. Forest Serv.*, 511 F.3d 1103, 1107 (10th Cir. 2007) (quoting *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1257 (10th Cir. 2004)). Therefore, the Court proceeds to consider whether Plaintiff's proposed addition of a nominal damages claim would be futile.

### C. FUTILITY OF AMENDMENT

A motion for leave to amend a complaint, when not granted as a "matter of course," Fed. R. Civ. P. 15(a)(1), may be granted only upon "the opposing party's written consent or the court's leave," *id.* 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Still, a court properly may refuse leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Bililngs*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Here, it would be futile to allow Plaintiff to add the proposed claim for nominal damages because the claim would not survive a motion to dismiss.[7] This official-capacity suit is in fact a suit against the entity, Jefferson County. *See Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013)

---

[7] Although the Public Trustee did not raise this argument for futility, the Court may deny a request to amend if, in its discretion, the proposed amendment would be subject to dismissal. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

12

(quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *see also Greeley Publ'g Co. v. Hergert*, No. 05-CV-00980-EWN-CBS, 2006 WL 1581754, at *15 (D. Colo. June 6, 2006) (unpublished) (holding that office of county public trustee is a "person" within meaning of § 1983 and thus not immune under the Eleventh Amendment). Consequently, to recover any money damages, Plaintiff must prove "(1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of constitutional or other federal rights." *Moss v. Kopp*, 559 F.3d 1155, 1168 (10th Cir. 2009) (quotation marks and citation omitted). Further, for a county to be liable under § 1983 for acts done by one of its officials in her official capacity, the official must possess "final policymaking authority to establish the [county] policy with respect to acts in question." *Jantzen v. Hawkins*, 188 F.3d 1247, 1249 (10th Cir. 1999) (quotation marks and citation omitted).

Here, Plaintiff's proposed second amended complaint fails to allege any facts that could plausibly establish these elements. Plaintiff alleges that the Public Trustee "unconstitutionally effectuated" the Rule 120 foreclosure (Doc. # 52-1, ¶ 4) and facilitated the Public Trustee Sale (*Id.*, ¶ 18). These allegations fall far short of raising a plausible inference that Jefferson County adopted a policy or custom that contributed to the alleged constitutional violation. It would be even less plausible to infer that the Public Trustee had the authority to establish any such policy. In fact, Plaintiff's own allegations rebut that inference. According to the proposed complaint, the policies that caused an alleged violation of Plaintiff's rights were adopted by the Colorado Supreme Court when it amended Colo. R. Civ. P. 120 in 1979 (*see* Doc. # 52-1, ¶ 19) and by the Colorado General Assembly when it revised the state foreclosure statute in 2006 (*see id.*, ¶ 22). Therefore, the Court finds that allowing Plaintiff to add a claim for nominal damages against the Public Trustee would be futile because it would be subject to dismissal under Rule 12(b)(6). *See Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007) (holding that claim must be dismissed if not "plausible on its face").[8]

### III.  CONCLUSION

For the reasons described above, this Court respectfully RECOMMENDS that Plaintiff's Motion to Amend the First Amended Complaint [filed January 2, 2014; docket # 52] be **granted in part and denied in part**.  Specifically, it is RECOMMENDED that Plaintiff be allowed to amend her First Amended Complaint by adding the proposed allegations related to her existing claims against Chase.  It is FURTHER RECOMMENDED that the Court dismiss Plaintiff's claims for declaratory and injunctive relief against the Public Trustee.  It is FURTHER RECOMMENDED that the Court deny Plaintiff's request to add a claim for nominal damages against the Public Trustee.

Respectfully submitted this 4th day of April, 2014, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[8] Because this Recommendation would leave no surviving claims against the Public Trustee, the Court need not address the Public Trustee's argument based on *Younger v. Harris*, 401 U.S. 37 (1971).