# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 13-cv-1647-WJM-MEH

HOLLY MACINTYRE,

    Plaintiff,

v.

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, and
MARGARET T. CHAPMAN, Public Trustee of Jefferson County in her official capacity,

    Defendants.

---

## ORDER ADOPTING APRIL 4, 2014 RECOMMENDATION OF MAGISTRATE JUDGE AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT

---

This matter is before the Court on the April 4, 2014 Recommendation of United States Magistrate Judge Michael E. Hegarty ("Recommendation") (ECF No. 69) that Plaintiff Holly MacIntyre's ("Plaintiff") Motion to Amend the First Amended Complaint ("Motion") (ECF No. 52) be granted in part and denied in part. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Both Plaintiff and Defendant JP Morgan Chase Bank ("Chase") filed timely Objections to the Recommendation. (ECF Nos. 70 & 72.) For the reasons set forth below, the Objections are overruled, the Recommendation is adopted, and the Motion is granted in part and denied in part.

### I. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

*novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* (*quoting Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

Because Plaintiff is proceeding *pro se*, the Court must liberally construe her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Neither party objects to the recitation of facts set forth by the Magistrate Judge in

the Recommendation.  Accordingly, the Court adopts and incorporates the factual background detailed in the Recommendation as if set forth herein.  Briefly, Plaintiff brings this action against Chase and Defendant Margaret T. Chapman, the Public Trustee of Jefferson County (the "Public Trustee") in her official capacity, challenging the constitutionality of Colorado's foreclosure process under Colorado Rule of Civil Procedure 120 ("Rule 120") and alleging fraud in the mortgage loan and foreclosure process.  (Am. Compl. (ECF No. 20).)  On January 30, 2012, Chase filed a Rule 120 non-judicial foreclosure proceeding in Jefferson County District Court against the property located at 13025 W. 63rd Place, #E, Arvada, Colorado 80004 ("Property").  (Am. Compl. p. 2.)  On November 25, 2013, Chase moved to dismiss without prejudice the Rule 120 proceeding, and the Jefferson County District Court granted the motion on December 4, 2013.  (ECF No. 57 at 4.)  On November 21, 2013, Chase filed a judicial foreclosure proceeding in Jefferson County District Court (the "Judicial Foreclosure").  (*See id.*)  The Judicial Foreclosure is currently pending.  (*Id.*)

On January 2, 2014, Plaintiff filed the instant Motion, seeking to add a claim against the Public Trustee for nominal damages and to add allegations to her claim against Chase.  (ECF Nos. 52 & 52-1.)  The Recommendation was issued on April 4, 2014.  (ECF No. 69.)  Chase filed an Objection on April 18, 2014 (ECF No. 70), and Plaintiff filed an Objection on April 21, 2014 (ECF No. 72).  The Public Trustee did not object to the Recommendation, but filed a Response to Plaintiff's Objection on May 5, 2014.  (ECF No. 73.)  Plaintiff filed a Response to Chase's Objection on May 5, 2014.  (ECF No. 74.)  No Reply was permitted.  (ECF No. 71.)

### III.  ANALYSIS

The Magistrate Judge's Recommendation contains the following findings and conclusions: (1) Plaintiff's claims against Chase are not moot because they fall under the voluntary cessation exception to mootness; (2) Plaintiff's claims against the Public Trustee are moot and fall under no exception; and (3) Plaintiff's Motion to add a proposed claim for nominal damages against the Public Trustee would be futile.  (ECF No. 69.)  The Court will discuss the parties' Objections to each of these findings and conclusions in turn.

**A.     Claims Against Chase**

The Recommendation found that, although the Rule 120 proceeding against Plaintiff had been dismissed, Plaintiff's claims against Chase were not moot because they fell under the exception to mootness for "voluntary cessation of an alleged illegal practice which the defendant is free to resume at any time."  (ECF No. 69 at 7-9 (quoting *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 892 (10th Cir. 2008)).)  Pursuant to the voluntary cessation exception, a claim that would otherwise be moot due to the defendant's voluntary action to cease the challenged practice can survive, unless it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."  *Already, LLC v. Nike, Inc.*, __ U.S. __, 133 S. Ct. 721, 727 (2013).  The Recommendation concluded that, although it was unlikely that Chase would initiate a new Rule 120 proceeding against Plaintiff given the pendency of the Judicial Foreclosure, it was not "absolutely clear" because the dismissal of the Rule 120 was without prejudice.  (ECF No. 69 at 9-11.)  Therefore, Chase retained the ability to reinitiate a Rule 120 proceeding at any time, and the claims were not moot.

Chase argues in its objection that the voluntary cessation exception does not apply for two reasons: (1) any new Rule 120 proceeding may or may not involve the same facts, evidence, and arguments as the prior challenged Rule 120 proceeding; and (2) Chase's dismissal of the Rule 120 was not a voluntary act intended to moot this action, but was a consequence of Chase's failure to timely submit its sale bid under Colorado law.  (ECF No. 70 at 5-10.)

As to Chase's first argument, the Court finds it disingenuous for Chase to argue that any potential changes in facts, evidence, or arguments in a new Rule 120 proceeding against the same Plaintiff, the same Property, and based on the same loan documents would be sufficiently different from the prior Rule 120 proceeding as to evade the voluntary cessation exception.  Chase's citation to *Unified School District No. 259 v. Disability Rights Center of Kansas*, 491 F.3d 1143, 1150 (10th Cir. 2007), is unavailing, as that case involved the possible recurrence of wrongful behavior that was "highly fact- and context-specific" and would necessarily substantially differ when it recurred.  In contrast, a new Rule 120 proceeding against Plaintiff would necessarily involve "similar facts and [be] in the same context." *Id.*

As to Chase's second argument, the Court finds it irrelevant whether Chase had motives other than mooting this case when it moved to dismiss the Rule 120 proceeding.  The voluntary cessation exception applies when the defendant's voluntary act has resulted in the cessation of the challenged conduct.  *See id.* at 1149.  The Rule 120 proceeding was not dismissed by the Jefferson County District Court for failure to prosecute, but rather was dismissed on Chase's motion, which was filed voluntarily.  Therefore, Chase's voluntary act ceased the challenged conduct, and it is of no

moment that Chase had an alternative reason for doing so.

The "formidable burden" of showing that the voluntary cessation exception does not apply requires that a defendant show that the cessation is "permanent in nature" and "foreclose[s] a reasonable chance of recurrence of the challenged conduct." *Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004). Chase does not object to the Recommendation's finding that Chase's withdrawal without prejudice of the Rule 120 proceeding was not "permanent in nature". Therefore, the Court finds that Chase has failed to meet the "formidable burden" to show absolute clarity that the voluntary cessation exception does not apply, and Plaintiff's claims against Chase are not moot.

Even so, Chase objects to the Magistrate Judge's refusal to consider Chase's arguments that Plaintiff fails to state a claim against Chase. (ECF No. 70 at 4-5.) The Recommendation noted in a footnote that Chase's arguments to this effect were more properly stated in a motion to dismiss under Federal Rule of Civil Procedure 12, because the Motion at issue did not seek to add any new claims against Chase. (ECF No. 69 at 5 n.3.) Chase contends that, because a proposed amendment is futile if "the proposed amendment is subject to dismissal for *any* reason", the Court should determine whether Plaintiff states a claim against Chase in evaluating Plaintiff's Motion. (ECF No. 70 at 4-5.)

While the evaluation of whether an amendment is futile involves a similar analysis to a failure to state a claim under Rule 12(b)(6), that evaluation focuses on the *proposed amendment*, not the existing claims and allegations in the complaint. Chase's own brief notes that it is the possible dismissal of the "proposed amendment" that must be considered. (*Id.* at 4.) Because the proposed amendment with respect to Chase

here involves only added factual allegations, the amendment itself is not futile.  The Court agrees with the statement in the Recommendation that Chase's argument with respect to Plaintiff's claims as a whole inappropriately inserts a Rule 12(b)(6) motion into the instant Motion to Amend.  Accordingly, the Court finds that the Magistrate Judge appropriately declined to consider those arguments at this time, and Chase's Objections are overruled.

Plaintiff's Objection states two disagreements with the analysis of her claims against Chase in the Recommendation, arguing that it should have included a discussion of the voluntariness of Chase's failure to submit a timely sale bid and the possibility that the Judicial Foreclosure might be dismissed on other grounds.  (ECF No. 72 at 2.)  However, Plaintiff does not object to the findings or conclusions in the Recommendation as to her claims against Chase.  (*Id.*)  The Court finds that the Recommendation sufficiently analyzed these issues and did not err in omitting the discussions cited by Plaintiff, as they do not affect the analysis.  Accordingly, Plaintiff's Objections with respect to the claims against Chase are overruled.

### B.     Claims Against the Public Trustee

Plaintiff does not object to the majority of the Recommendation's findings and conclusions with respect to the Public Trustee, but states that she objects "only to preserve her right to request this Court's permission to amend the operative Complaint to include a claim against the Public Trustee for nominal damages in her individual capacity."  (ECF No. 72 at 2 (emphasis omitted).)

Plaintiff's attempt to include a new motion to amend her complaint within her Objection violates both this Court's Revised Practice Standard III.B., which states that

7

"[a]ll requests for the Court to take any action . . . must be contained in a separate written motion," and D.C.Colo.LCivR 7.1.C, which requires all motions to be made in a separate paper.  Accordingly, the Court declines to consider this request here.  There is no other objection from any party to any finding or conclusion in the Recommendation as to Plaintiff's claims against the Public Trustee.

As to all unobjected to parts of the Recommendation, the Court has reviewed the analyses therein and finds them thorough and well-reasoned.  The Court finds no clear error in the Recommendation, and therefore adopts it in full.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation of the United States Magistrate Judge (ECF No. 69) is ADOPTED in its entirety;

2. Chase's Objection to the Recommendation (ECF No. 70) is OVERRULED;

3. Plaintiff's Objection to the Recommendation (ECF No. 72) is OVERRULED;

4. Plaintiff's Motion to Amend the First Amended Complaint (ECF No. 52) is GRANTED IN PART as to the amendment with respect to Plaintiff's allegations against Chase, and DENIED IN PART with respect to Plaintiff's claims against the Public Trustee;

5. Plaintiff's Second Amended Complaint (ECF No. 52-1) is ACCEPTED AS FILED; and

6. Plaintiff's claims against the Public Trustee are DISMISSED WITHOUT PREJUDICE as moot.

Dated this 1st day of August, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge